## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SYLVESTER JACKSON,

      Plaintiff,

v.

MONDELEZ GLOBAL LLC,

      Defendant.

CIVIL ACTION FILE NO.

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Sylvester Jackson, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Mondelez Global LLC ("Defendant"), and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises out of the Americans with Disabilities

Act, 42 U.S.C. § 12101 et seq. ("ADA").

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over

Count III of this Complaint, which arises out of the Family and Medical Leave Act,

29 U.S.C. § 2601, et seq. ("FMLA").

4.      Plaintiff exhausted all administrative remedies in this matter. *Dismissal and
Notice of Rights*, Ex. 1.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

6.      Plaintiff is a citizen of the United States and a resident of Dekalb County,

Georgia.

7.      Defendant is a Foreign Limited Liability Company doing business in the

state of Georgia, with a principal office located at 1400 Murphy Ave SW, Atlanta,

Georgia 30310.

8.      Defendant may be served by delivering a copy of the Complaint and

Summons to its Registered Agent, CT Corporation System, 289 S. Culver St.,

Lawrenceville, Georgia 30046.

9.      This Court has jurisdiction over the parties because a substantial portion of

the employment practices described herein were committed within the Atlanta

Division of the Northern District of Georgia.

10.     Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

11.     Plaintiff was employed by Defendant from 2011 until his termination on December 10, 2019.

12.     During all times relevant to this Complaint, Plaintiff worked for Defendant in Operations Management from 2011 until his termination on December 10, 2019.

13.     Plaintiff was initially hired by Defendant as a temporary employee in 2011.

14.     Plaintiff was later made a full-time employee of Defendant in 2014.

15.     Plaintiff received no disciplinary actions or other indication of a poor performance prior to his termination.

16.     In May 2019, Plaintiff was laterally moved out of Defendant's Chips Ahoy department ("Chips Ahoy"), to the Ritz department.

17.     In the Ritz department ("Ritz") Plaintiff reported to Mr. Jamie Trowell.

18.     Plaintiff was initially informed that Defendant required his expertise in Ritz.

19.     Plaintiff was later informed that he was moved to Ritz due to a personal conflict between Project Lead, Ms. Michelle Washington, and Mr. Jeff Ansley.

20.   Due to that conflict with Ms. Washington, Mr. Ansley was transferred to Chips Ahoy when Plaintiff transferred to Ritz.

21.   After transferring to Ritz, Plaintiff was informed that Ms. Washington's position had been specially created for her.

22.   Other employees had more experience and tenure with Defendant, including Mr. Ansley and Plaintiff, and were more qualified for Ms. Washington's position.

23.   The more qualified employees were male, yet not offered the position created for Ms. Washington.

24.   Ms. Washington is female.

25.   In July 2019, Plaintiff complained that he and other employees that were more qualified were not selected for the role solely on the basis of their gender.

26.   Plaintiff also spoke to Human Resources and the Plant Manager about his concerns related to his transfer being due to Ms. Washington's personal conflicts.

27.   In the midst of his complaints, Plaintiff's supervisory chain was changed so that he directly reported to Ms. Washington.

28.   Upon information and belief, Ms. Washington was aware of Plaintiff's complaints.

29.   Ms. Washington began to hold Plaintiff to a higher standard than his peers,

in retaliation for his complaints.

30.    Around this time, Plaintiff began to develop a host of medical issues, including a hernia, depression, and anxiety.

31.    Plaintiff informed Defendant of his medical conditions.

32.    Plaintiff applied for and took leave under the FMLA from August 27, 2019, through November 19, 2019.

33.    Following his FMLA leave, Plaintiff took Short Term Disability ("STD"), as he was recovering from hernia surgery.

34.    Plaintiff kept Defendant informed of his medical conditions and his expected return date throughout his absence.

35.    On December 2, 2019, Plaintiff emailed Defendant and advised of his impending return to work, scheduled for January 2020.

36.    On December 22, 2019, Plaintiff received a letter dated December 10, 2019 (the "December 10th letter"), terminating his employment with Mondelez International.

37.    The December 10th letter stated that Plaintiff failed to notify Defendant of the reason for his absence.

38.    Defendant's December 10th letter was false, as Plaintiff had in fact provided

Defendant with periodic updates.

39.     On December 12, 2019, Plaintiff was notified that Defendant changed his FMLA leave status to STD leave.

40.     On December 23, 2019, Plaintiff received a second letter from Defendant, dated December 13, 2019 (the "December 13th letter").

41.     The December 13th letter stated that Plaintiff was not terminated, but was required to have his doctor update Defendant by December 27, 2019, to support a continued leave of absence.

42.     Plaintiff's doctor sent Defendant the documentation as requested.

43.     Plaintiff attempted to follow-up on his status with Defendant thereafter, making several unreturned calls to Ms. Angela Law in Human Resources.

44.     On January 13, 2020, Plaintiff received yet another letter from Defendant, dated January 3, 2020 (the "January 3rd letter").

45.     The January 3rd letter stated that if the documents were not received by January 10, 2020, Plaintiff would be terminated by Defendant.

46.     Plaintiff again attempted to contact Ms. Law regarding the medical documents that had already been submitted, but he was ignored by Defendant.

47.     Defendant would not allow Plaintiff to return to work, terminating Plaintiff's

employment.

48.    Plaintiff filed claims with the Equal Employment Opportunity Commission ("EEOC") on March 26, 2020.

49.    Plaintiff received his Dismissal and Notice Of Rights.

## IV. CLAIMS FOR RELIEF

## COUNT I: TITLE VII RETALIATION

50.    Plaintiff incorporates by reference Paragraphs 1-49 of his Complaint as if fully set forth herein.

51.    Plaintiff had a good faith belief that discrimination was occurring in Defendant's workplace. *Paras. 21-26.*

52.    Plaintiff's report of that discriminatory hiring constitutes a protected activity pursuant to Title VII. *Paras. 26-28.*

53.    Defendant had knowledge of Plaintiff's protected activity. *Paras. 26-28.*

54.    The harassment of Plaintiff by his supervisor following his protected complaint constituted an adverse action under Title VII. *Para. 29-30.*

55.    Plaintiff's termination constituted an adverse action under Title VII. *Para. 47.*

56.    The timing of Plaintiff's protected activities to the actions against him show

causation.

57.     Defendant's legitimate business reason is pretextual.

## COUNT II: ADA DISCRIMINATION

58.     Plaintiff incorporates by reference Paragraphs 1-57 of his Complaint as if fully set forth herein.

59.     Plaintiff is a qualified individual with a disability. *Para. 30.*

60.     Defendant was aware of Plaintiff's disability. *Para. 31.*

61.     Defendant refused to allow Plaintiff to return to work, an adverse action. *Paras. 35-47.*

62.     Plaintiff suffered the adverse action of termination. *Para. 47.*

63.     The timing of Plaintiff's notice to Defendant of his medical conditions and the use of FMLA leave to his termination are evidence of a discriminatory animus.

64.     Defendant's legitimate business reason is illegitimate.

## COUNT III: FMLA RETALIATION

65.     Plaintiff incorporates by reference Paragraphs 1-64 of his Complaint as if fully set forth herein.

66.     Plaintiff was eligible for FMLA leave. *Paras. 30-32.*

67.     Plaintiff engaged in protected activity under the FMLA when he applied for

FMLA leave. *Para. 32.*

68.     Plaintiff engaged in protected activity under the FMLA when he took FMLA

leave. *Para. 32.*

69.     Plaintiff suffered a materially adverse employment action under the FMLA

when he was terminated from his employment. *Para. 47.*

70.     The timing of the protected activity and adverse action infer causation.

71.     Defendant's business reason for Plaintiff's termination is pretextual.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following

relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the

enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems

just and proper.


Respectfully submitted this 9th day of September, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

 s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

**<u>JURY DEMAND</u>**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 9th day of September, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

<u>s/Amanda M. Brookhuis</u>
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## FONT AND POINT CERTIFICATION

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 9th day of September, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com